UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

EMI APRIL MUSIC, INC.,
WALTZ TIME MUSIC, INC.,
HOUSE OF FAME INC., LORIMAR
MUSIC A CORP., DUKE OF EARLE,
and TRI-ANGELS MUSIC,

     PlaintiffS,

v.                                                                            Case No: 5:16-cv-30-Oc-MMH-PRL

OCALA HOSPITALITY GROUP, LLC,
and DOUGLAS PERERA,

     Defendant.

_____

REPORT AND RECOMMENDATION[1]

     This copyright infringement case is before the undersigned upon referral from the District

Judge.   Plaintiffs, EMI April Music Inc., Waltz Time Music Inc., House of Fame Inc., Lorimar

Music A Corp., Duke of Earle, and Tri-Angels Music, seek an entry of final default judgment,

including statutory damages and injunctive relief, for Defendants' alleged infringement of three

separate copyrighted musical compositions.   (Doc. 16).   To date, Defendants have not made an

appearance in this action.   I submit, based on a review of the record, that Plaintiffs are entitled to

default judgment, a permanent injunction, and statutory damages in the amount requested.

_____

     [1] Within 14 days after being served with a copy of the recommended disposition, a party may file
written objections to the Report and Recommendation's factual findings and legal conclusions.   See Fed.
R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02.   A party's failure
to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding
or legal conclusion the district judge adopts from the Report and Recommendation.   See 11th Cir. R. 3-1.

- 2 -

## I.    Background

In this case, Plaintiffs claim that Defendants publically performed their copyrighted musical compositions without authorization.   Plaintiffs are all members of the American Society of Composers, Authors and Publishers (ASCAP).   As alleged in the Complaint, Defendant Ocala Hospitality Group, LLC is a Florida limited liability company that owns and operates "Cowboys Saloon" in Ocala, Florida.   (Doc. 1, ¶ 5).   Defendant Douglas Perera is a managing member, owner, or director of Defendant Ocala Hospitality Group.   (Doc. 1, ¶ 9).   At all times relevant to the Complaint, Defendant Perera was responsible for the control and management of Ocala Hospitality Group.   (Doc. 1, ¶ 10).

Since May 2014, ASCAP representatives have made numerous attempts to contact Defendants to offer an ASCAP license for Cowboys Saloon, but Defendants refused.   (Doc. 1, ¶¶ 15-16).   ASCAP's communications gave Defendants notice that unlicensed performances of ASCAP's members' musical compositions constituted copyright infringement.   (Doc. 1, ¶ 17). As verified by an investigator for Plaintiffs, Defendants continued to present public performances of copyrighted musical compositions.   (Doc. 1, ¶ 18).   Plaintiffs specifically allege that Defendants presented unauthorized performances of three works, "Modern Day Bonnie and Clyde," "Copperhead Road," and "Good Time." (Doc. 1, Ex. A).

On January 20, 2016, Plaintiffs filed their complaint against the Defendants.   (Doc. 1). On March 11, 2016, a summons and complaint was served on Lee Stark, as Manager of Ocala Hospitality Group.   (Doc. 8).   On April 22, 2016, Defendant Douglas Perera was personally

served with the summons and complaint.   (Doc. 11).   As reflected in the official corporate records for Ocala Hospitality Group, Defendant Perera is the entity's registered agent.[2]

Both Defendants failed to file responsive pleadings, and the Clerk entered default.   (Docs. 10 & 14).   To date, neither defendant has sought to vacate the default or otherwise appear or defend this action.   On May 25, 2016, Plaintiffs filed the instant motion for final default judgment (Doc. 16).

## II.   Standard

To begin, a default judgment is not a foregone conclusion when a defendant fails to defend. Rule 55 of the Federal Rules of Civil procedure establishes a two-step process for obtaining a default judgment.   "First, when the defendant fails to plead or otherwise defend the lawsuit, the clerk of the court is authorized to enter a clerk's default against the defendant."   *Pierre v. Venus Satellite, Inc.*, No. 3:12-CV-343-J-34JBT, 2014 WL 103212 at *3 (M.D. Fla. Jan. 9, 2014).   Then, "after receiving a clerk's default, the court, or in some instances the clerk, may enter a default judgment against the defendant for not appearing."   *Id.*

A default judgment, however, cannot stand on a complaint where the Court lacks jurisdiction or the plaintiff fails to state a claim.   *See Pierre*, 2014 WL 103212 at *3; *PNCEF, LLC v. Hendricks Bldg. Supply LLC*, 740 F. Supp. 2d 1287, 1291 (S.D. Ala. 2010).   Thus, the Court must first assess the allegations in the complaint.   In doing so, I note that through default, a defendant does admit Plaintiff's well-pleaded factual allegations.   *Pierre*, 2014 WL 103212 at *3 (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

---

[2] *See* http://search.sunbiz.org/Inquiry/CorporationSearch/ for Ocala Hospitality Group, LLC.

### III.   Discussion

#### A.   Copyright Violations

The Copyright Act, 17 U.S.C. § 101 et seq., grants the owner of the copyright of a musical work the exclusive right to perform their composition publicly and to authorize the public performance of their work. *See* 17 U.S.C. § 106. Copyright owners may, however, assign these rights to third parties, such as ASCAP, who act as intermediaries between the copyright owners and persons and businesses interested in performing the works publicly. *See* 17 U.S.C. § 201. To prove a copyright infringement claim, a plaintiff must show: 1) the originality and authorship of the compositions involved; 2) compliance with the formalities of the Copyright Act to secure a valid copyright; 3) a proprietary right in the copyright at issue; and 4) the defendant's public performance of the copyrighted material, not authorized by the plaintiff or its representative. *Morley Music Co. v. Cafe Continental, Inc.*, 777 F. Supp. 1579, 1582 (S.D. Fla. 1991); *Van Halen Music v. Palmer*, 626 F. Supp. 1163, 1165 (W.D. Ark. 1986); *Sailor Music v. Mai Kai of Concord*, 640 F.Supp. 629, 632 (D.N.H. 1986).

Here, Plaintiffs have established the elements of their infringement claims by their well-pleaded factual allegations. Plaintiffs allege that they are the owners of the copyrights at issue, and that they have complied in all respects with the Copyright Act in securing the exclusive rights and privileges of each copyright. (Doc. 1, ¶ ¶ 4,1). Plaintiffs also have alleged that Defendants presented at least three unauthorized performances of their copyrighted musical compositions. (Doc. 1, ¶ 22-25).

Further, Plaintiffs have alleged that Defendant Douglas Perera "was, and still is, a managing member, owner, officer, or director" of Ocala Hospitality Group, and that he "was, and still is, responsible for the control, management, operation and maintenance of the affairs" of Ocala

Hospitality Group.   (Doc. 1, ¶¶ 9-10).   Plaintiffs allege that each Defendant derives a financial

benefit from the public performance of musical compositions at Cowboys Saloon.   (Doc. 1, ¶ 12).

Under the Copyright Act, an individual who can control the acts of a corporation may be

held jointly and severally liable with the corporate entity for copyright infringements, even in the

absence of the individual's actual knowledge of the infringements.   *Southern Bell Telephone and*

*Telegraph Co. v. Associated Telephone Directory Publishers*, 756 F.2d 801, 811 (11th Cir. 1985)

(affirming liability of individuals who had a financial interest in the infringing activity and the

right to supervise the infringing activities, and holding that "[l]iability falls on all of them even if

they were ignorant of the infringement"), *Gershwin Publishing Co. v. Columbia Artists*

*Management, Inc*., 443 F.2d 1159, 1162 (2d Cir. 1971) (vicarious liability may attach to corporate

officers in cases of copyright infringement); *Shapiro, Bernstein & Company v. H.L. Green*

*Company*, 316 F.2d 304, 307 (2d Cir.1963); *Nick–O–Val Music Co, Inc*., 656 F.Supp. 826, 829

(M.D. Fla. 1987).   Here, Plaintiffs have alleged facts sufficient to support the liability of both

Defendant Perera and Ocala Hospitality Group, LLC.

### B.      Damages

"While well-pleaded facts in the Complaint are deemed admitted, plaintiffs' allegations

relating to the amount of damages are not admitted by virtue of default; rather, the court must

determine both the amount and character of damages."   *Virgin Records America, Inc. v. Lacey,*

510 F. Supp. 2d 588, 593 n. 5 (S.D. Ala. 2007).   Even in the default judgment context, "[a] court

has an obligation to assure that there is a legitimate basis for any damage award it enters."

*Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see also Adolph Coors Co.*

*v. Movement Against Racism and the Klan*, 777 F.3d 1538, 1544 (11th Cir. 1985) (explaining that

damages may be awarded on default judgment only if the record adequately reflects the basis for

the award).   Under Rule 55(b) the Court has discretion to hold an evidentiary hearing to determine

appropriate damages, but it is not required to, particularly where there is sufficient evidence in the

record.   *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 Fed. Appx. 908, 911–12 (11th Cir.

2011); *Almeira v. GB House, LLC*, No. 8:14-CV-00045-T-27, 2014 WL 1366808, at *1 (M.D. Fla.

Apr. 7, 2014).   Affidavits are sufficient to establish damages if they are not conclusory.   *Almeira*,

2014 WL 1366808, at *1; *see Tara Prods., Inc.*, 449 F. App'x at 912 (quoting *Ellis v. England*,

432 F.3d 1321, 1327 (11th Cir. 2005).

The Copyright Act permits a plaintiff to elect either actual or statutory damages. 17 U.S.C.

§ 504.   Under § 504(c)(1), a copyright owner may elect to recover, instead of actual damages,

statutory damages for work infringed "in a sum of not less than $750 or more than $30,000 as the

court considers just."   Here, Plaintiffs set forth three separate causes of action for each of the three

songs infringed and set forth, in their prayer for relief, a demand of not more than $30,000 for each

cause of action (Doc. 1), which would amount to a maximum of potentially $90,000 is statutory

damages.   Indeed, in this case Plaintiffs seek statutory damages, and request a <u>total</u> statutory

damages amount of at least $46,000.   (Doc. 16, p. 5).   Plaintiffs contend that this amount is

reasonable in light of the fact that Defendants would have paid over $15,000 in license fees, and

that ASCAP has incurred expenses of $1,680.00 in obtaining evidence of the infringing conduct.

(Doc. 16, p. 10).   That is, Plaintiffs seek roughly three times the amount they say they would have

received in licensing fees, plus their investigative expenses.   Or, put another way, Plaintiffs seek

the mid-range of the statutory damages they could obtain for each cause of action: $15,333.33.

In support of their request for statutory damages, Plaintiffs present the Declaration of

Douglas Jones, Manager of Business and Legal Affairs for ASCAP.   (Doc. 16-1).   Jones avers

that ASCAP attempted to contact Defendants regarding licenses on more than 30 occasions dating

from at least May 2014, and Defendants have refused all offers.   (Doc. 16-1, ¶ 11).   Ultimately,

ASCAP hired an independent investigator who confirmed that at least three of Plaintiffs' songs

were performed at Cowboys Saloon without authorization.   (Doc. 16-1, ¶ 17).   Jones further

states that Defendants avoided more than $15,000 in license fees since May 2014 by not obtaining

a license, and that ASCAP incurred costs of $1,680.00 to obtain evidence of infringement.   (Doc.

16-1, ¶ 20).

Statutory damages must be calculated according to the number of separately copyrightable

works infringed, not on the number of infringements.   *Disney Enters., Inc. v. Law*, No. 6:07–cv–

1153–Orl–18GJK, 2008 WL 203393, at *4 (M.D. Fla. Jan.23, 2008).   Courts have discretion to

award between $750 and $30,000 in statutory damages for all infringements of each work under

17 U.S.C. § 504(c).   When the copyright owner sustains the burden of proving that an

infringement was committed willfully, the court may increase the award of statutory damages up

to $150,000 for each infringement.   *Id.*

The Court has discretion to determine damages within the statutory limits.   *See*

*Cable/Home Commc'n Corp. v. Network Prods., Inc*., 902 F.2d 829, 852 (11th Cir. 1990).   In

awarding statutory damages, the Court may consider several factors, "including ... revenues lost

by [the] copyright holder as a result of infringement, and [the] infringer's state of mind, whether

willful, knowing or innocent."   *Nintendo of Am. v. Ketchum*, 830 F.Supp. 1443, 1445

(M.D.Fla.1993).   The court may also "take into account the attitude and conduct of the parties,"

and should consider "the deterrent value of the sanction imposed."   *Cable/Home*, 902 F.2d at 852

(internal quotation omitted).

Courts have found that three times the amount of license fees avoided is appropriate.   *See,*

*e.g., Universal Music Corp v. Latitude 360 Nevada, Inc.,* No. 3:15-CV-1052-J-34JRK, 2016 WL

3200087 (M.D. Fla. May 4, 2016)*, report and recommendation adopted sub nom. Corp v. Latitude 360 Nevada, Inc.,* No. 3:15-CV-1052-J-34JRK, 2016 WL 3188899 (M.D. Fla. June 8, 2016) (awarding three times the licensing fees as statutory damages and noting that the sum also amounts to $22,500 for each of the four established infringements, which was within the statutory limits); *Broadcast Music v. Evie's Tavern*, Case No. 8:11-cv-2056, 2013 WL 5487066, at *6 (M.D. Fla. Sept. 30, 2013) (awarding $3,390.66 in statutory damages for each of five compositions infringed, for a total of $16,953.30, equaling about three times the licensing fees); *Milk Money Music v. Oakland Park Entm't Corp.*, No. 09–cv–61416, 2009 WL 4800272, at *3 (S.D.Fla. Dec. 11, 2009) (awarding $7,000.00 in statutory damages for each of four compositions infringed, for a total of $28,000.00), *M.L.E. Music Sony/ATV Tunes, LLC v. Julie Ann's, Inc.*, Case No. 8:06-cv-1902, 2008 WL 2358979, at *5 (M.D. Fla. June 9, 2008) (finding statutory damages of three times the unpaid fees is appropriate and consistent with plaintiffs' loss and in deterring future violations).

Having carefully considered the evidence, I submit that Plaintiffs' request for $46,000 in statutory damages is reasonable.  In light of the continued unauthorized performance of copyrighted musical compositions despite the repeated communications and efforts on behalf of ASCAP personnel, a penalty that equates to three times the unpaid license fees, plus the modest amount of investigative costs, is consistent with Plaintiffs' loss, and appropriate to deter future infringing acts and adequately serve the statutory purpose.   Alternatively, a payment that amounts to the mid-range of the statutory damages for each of the three causes of action is, under the circumstances discussed here, equally appropriate to deter future infringing acts and adequately serve the statutory purpose.

## C.      Injunctive Relief

Plaintiffs also request an injunction.  And, the Copyright Act, at 17 U.S.C. § 502(a), expressly provides for the entry of injunctive relief:

> Any court having jurisdiction of a civil action arising under this title may .
> . .grant temporary and final injunctions on such terms as it may deem
> reasonable to prevent or restrain infringement of a copyright.

17 U.S.C. § 502(a).

Plaintiffs argue that, as established by the declaration of Douglas Jones, Defendants continued their unauthorized performances of copyrighted music without a license and in violation of the Copyright Act, even after notice and repeated warnings.  (Doc. 16-1).  Plaintiffs contend that an injunction is appropriate here, where infringers repeatedly refuse to obtain a license and violate copyright laws.

Indeed, as Plaintiffs correctly contend, courts regularly grant injunctive relief to prevent further infringing performances of copyrighted music, especially where, as here, the infringer has ignored ASCAP's warnings and has been sued to enforce the rights of copyright owners.  *See, e.g., M.L.E. Music Sony,* 2008 WL 2358979 at *5.  *See also*, *Chi Boy Music v. Charlie Club, Inc.*, 930 F. 2d 1224 (7th Cir. 1991); *Canopy Music Inc., v. Harbor Cities Broadcasting, Inc.*, 950 F. Supp. 913, 915-16 (E.D. Wis. 1997); *Coleman v. Payne*, 698 F. Supp. 704, 706 -07 (W.D. Mich. 1988);  *Flyte Tyme Tunes v. Miskiewicz*, 715 F. Supp. 919 (E.D. Wis. 1989); *Milene Music, Inc. v. Gotauco*, 551 F. Supp. 1288 (D. R.I. 1982*); Boz Scaggs Music v. KND Corporation*, 491 F. Supp. 908 (D. Conn. 1980).   Moreover, Courts have granted broad injunctions to enjoin unauthorized performances of any and all copyrighted music in the ASCAP repertory in ASCAP-member cases, such as this one.  *See, e.g., Joelsongs v. Shelley Broadcsting Co. Inc.,* 491 F. Supp.2d 1080, 1086 (M.D. Ala. 2007) ("there is substantial and longstanding precedent for such

broad injunctions in circumstances similar to those presented here"). *See also Cross Keys Pub. Co. v. Wee, Inc.*, 921 F. Supp. 479, 481 (W.D. Mich. 1995); *Jobete Music Co. v. Hampton*, 864 F. Supp. 7, 9 (S.D. Miss. 1994); *Jasperilla Music Company v. Wing's Lounge Association*, 837 F. Supp. 159 (S.D. W.Va. 1993).

The undersigned agrees, and recommends that Plaintiffs are entitled to an injunction in the form they have requested prohibiting the unauthorized performance of all music in the ASCAP repertory:

> Defendants, Ocala Hospitality Group, L.L.C and Douglas Perera, are hereby jointly and individually enjoined and restrained permanently, either alone or in concert with others, from publicly performing any and all of the copyrighted musical compositions in the ASCAP repertory, including those belonging to Plaintiffs, and from causing or permitting such compositions to be publicly performed at any facility owned, operated, or conducted by the Defendants, in whole or in part, and from aiding and abetting public performances of such compositions, unless Defendants shall have previously obtained permission to give such performances either directly from the Plaintiffs or the copyright owners whose compositions are being performed or by license from ASCAP. This Court reserves jurisdiction over the parties hereto and this action to enforce the terms of this permanent injunction through contempt proceedings and/or through any other permissible means.

## IV.    Conclusion

For the reasons stated above, I **recommend** that Plaintiffs' motion for default judgment (Doc. 16) be **granted** and that Plaintiffs be awarded statutory damages in the amount of **$46,000.00**, and that an injunction be entered against Defendants in the form requested by Plaintiffs, and as set forth in this Report and Recommendation**.**

**DONE and ENTERED** in Ocala, Florida on August 30, 2016.

PHILIP R. LAMMENS
United States Magistrate Judge

- 11 -

Copies furnished to:

Counsel of Record
Unrepresented Parties